UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **AKEEM BRILAUNTE REED** | **CIVIL ACTION NO. 15-2650-P** |
| **VERSUS** | **JUDGE HICKS** |
| **RAMONA EMANUEL** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Akeem Brilaunte Reed ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on November 6, 2015. Petitioner is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He challenges his state court conviction and sentence. He names Ramona Emanuel as respondent.

On September 2, 2015, Petitioner pleaded guilty to one count of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to 10 years imprisonment.

In support of this petition, Petitioner alleges the state court does not have jurisdiction and standing. For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies as to the claims presented in this petition because he only presented them in the trial court. Thus, Petitioner did not exhaust his state court remedies prior to filing his petition in this court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of June, 2016.

Mark L. Hornsby
U.S. Magistrate Judge